UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

EDDIE L. STEPHENS

CRIMINAL ACTION

No. 07-235-JJB-CN

**RULING ON MOTIONS TO DISMISS INDICTMENT**

This matter is before the court on two separate motions to dismiss the indictment in this case with prejudice (docs. 17 and 22) by the Defendant, Eddie L. Stephens. The United States has filed opposition motions (docs. 27 and 30). Oral argument was held on January 10, 2008 on these motions, and the court's ruling follows.

**Procedural Background**

On September 27, 2007, the pending indictment issued against the Defendant and charged that he was involved in three armed bank robberies in the Baton Rouge, Louisiana, as well as conspiracy to commit bank robberies and the brandishing of a firearm in relation to a crime of violence.[1] Each of the alleged bank robberies constituting the operative facts in the indictment took place between June

---

[1] September 27, 2007 Indictment of Eddie Stephens (doc. 1) at 1, 5-8.

1

and December of 1998.[2]  All of the crimes charged in the present indictment were previously charged in an indictment filed in November 2000 in Criminal Docket No. 00-183 and a superseding indictment of May 2002.[3]  In response to this initial complaint, the Defendant was taken into federal custody, and he has remained in continuous federal custody since October of 2000.[4]  On October 18, 2003, the Defendant moved to dismiss the superseding indictment for pre-indictment delays in violation of the Speedy Trial Act, but this motion was denied by Judge Parker.[5]  Following a trial in October of 2003, Stephens was found guilty on all counts of the superseding indictment and was later sentenced to 50 years and 10 months in prison.[6]

In February 2004, Mr. Stephens filed notice of appeal.[7]  In June 2007, the Fifth Circuit reversed the resulting convictions and sentences in Criminal Docket No. 00-183 for violations of the Speedy Trial Act.[8]  On remand, Judge Parker dismissed the indictment *without* prejudice.[9]  The following day, a criminal complaint against

---

[2] *Id.* at 1.

[3] Defendant's Motion to Dismiss Indictment (doc. 17) at 1.

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *See* United States v. Stephens, 498 F.3d 647 (5th Cir. 2007).

[9] Defendant's Motion to Dismiss Indictment (doc. 17) at 4.

Stephens issued which contained the same allegations as the indictment in the matter before Judge Parker.[10]  Mr. Stephens remained in custody between the dismissal without prejudice and issuance of the new indictment.[11]  Mr. Stephens attempted to appeal the dismissal of the indictment without prejudice, but the Fifth Circuit dismissed the appeal because a dismissal without prejudice is a non-final, non-appealable order.[12]

The Defendant, Eddie Stephens, now moves to dismiss the present indictment *with* prejudice.  The Defendant asserts four grounds for dismissal of the indictment: (1) the Sixth Amendment right to a speedy trial; (2) unnecessary delay under Fed. Rule Crim. Pro. 48(b); (3) oppressive delay under the Fifth Amendment Due Process Clause; and (4) pursuant to the Speedy Trial Act under the theory that the indictment in Criminal Docket No. 00-183 should have been dismissed with prejudice.  The United States argues that the indictment should not be dismissed and rejects the assertion that the Defendant's constitutional rights have been violated.

---

[10] *Id.*

[11] *Id.*

[12] United States v. Stephens, 2007 U.S. App. LEXIS 29385 (5th Cir. Dec. 19, 2007).

## Analysis

**I.  Sixth Amendment Speedy Trial Right**

**A.   Legal Standard**

The Sixth Amendment dictates that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. CONST. AMEND. VI.  Sixth Amendment speedy trial rights are evaluated under the four *Barker* factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant."  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  None of these factors alone is sufficient or dispositive to establish a speedy trial violation, and instead the court must balance the factors and other relevant circumstances.  *Id.* at 533.  The Sixth Amendment speedy trial right does not attach until the return of an indictment or other formal charge.  *United States v. Marion*, 404 U.S. 307, 320 (1971).

To trigger a speedy trial analysis, the defendant must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay.  *Doggett v. U.S.*, 505 U.S. 647, 651-52 (1992).  Only if the delay is sufficient to warrant judicial examination of the claim does the court weigh the remaining factors.  *U.S. v. Frye*, 489 F.3d 201, 209 (5th Cir. 2007).  If the length of delay is sufficient, then the court determines whether the first three factors weigh so heavily in favor of the defendant that prejudice is to be presumed.  *Id.*

The Supreme Court has noted that post-accusation delay is "presumptively prejudicial" when it approaches one year. *Doggett*, 505 at 652 n.1. The Court has held that "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Id.* at 655. The *Doggett* court set out three hypothetical situations to illustrate the role of presumptive prejudice and the amount of proof required. *Id*. "The defendant's degree of proof in each situation varies inversely with the government's degree of culpability for the delay." *Robinson v. Whitley*, 2 F.3d 562, 570 (5th Cir. 1993). In the first case, "where the government is reasonably diligent in its efforts to bring the defendant to trial, the defendant must show 'specific prejudice to his defense.'" *Id.* In the second situation, where the delay is to intentionally gain a tactical advantage over the defendant, then the defendant would "present an overwhelming case for dismissal." *Id*. Finally, where the delay arises from the government's negligence, a court will perform a balancing test to determine what portion to the delay is attributable to the government's negligence and whether this negligent delay is of such a duration that prejudice to the defendant is to be presumed. *Id*. The length of the delay will generally not create a presumption of prejudice for speedy trial purposes unless the post-indictment delay has lasted at least five years. *Frye,* 489 F.3d at 210.

Given the nature of the Sixth Amendment speedy trial right, courts will balance the conduct of both the prosecution and the accused. *Barker*, 407 U.S. at 529-30. In evaluating the delay, different weights are assigned to different reasons. *Id.* at

5

531. Deliberate delays intended to impair the defense are weighted most heavily against the government. *Id.* Whereas, other more neutral reasons such as overcrowded court dockets are weighted less heavily. *Id.*

### B. Sixth Amendment in the Instant Action

The present indictment was issued against the Defendant more than five years after the alleged offenses were committed.[13] Throughout this period, the Defendant has remained in federal custody since October of 2000. Although Judge Parker dismissed the indictment in Criminal Docket No. 00-183 on August 21, 2007, the present indictment issued against the Defendant the following day and alleged the same underlying offenses. The Defendant remained in federal custody between the dismissal and the new indictment.

### (1) Length of Delay

If the length of the pre-trial delay exceeds one year, the court must look at the other *Barker* factors to determine if a Sixth Amendment speedy trial right has been violated. Because the November 7, 2000 indictment and Mr. Stephens's trial on October 27, 2003 were two years and eleven months apart, the United States concedes that the court must engage in speedy trial analysis because the period was longer than one year.[14] However, the defense takes the discussion of delay

---

[13] Although this violates the statute of limitations, the savings clause of 18 U.S.C. § 3288 allows for the return of a new indictment within six months of the dismissal of an indictment without regard to any statute of limitation.

[14] Memorandum in Opposition to First Motion to Dismiss (doc. 27) at 17.

several steps further.

The Defendant's central argument is that because there was no intervening period in which the Defendant was not in custody and not subject to criminal prosecution, the speedy trial right attached in October of 2000 with the indictment in Docket No. 00-183. Therefore, the length of delay for speedy trial purposes runs from that date to the present and equals seven years. The Defendant also argues that a seven year post-accusation delay is "presumptively prejudicial" for Sixth Amendment speedy trial purposes, and the other *Barker* factors weigh against the government.

The purpose of the Sixth Amendment speedy trial right is to "minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). Based on these policy concerns, the dismissal of charges renders the speedy trial guarantee inapplicable. *Id.* After the dismissal of charges, the "formerly accused is, at most, in the same position as any other subject of a criminal investigation." *Id.* at 8-9. Following dismissal, the accused "suffers no restraints on his liberty and is no longer the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer." *Id.* at 9. In *MacDonald*, the period between dismissal and indictment did not count toward the accused's speedy

trial right because he was "not under arrest, not in custody, and not subject to any criminal prosecution." *Id.* at 10.

However, the facts of *MacDonald* are distinguishable from the instant action, and the fairness concerns protected by the Sixth Amendment dictate a finding that Mr. Stephens's speedy trial clock has continued to run from October 2000 to the present. Unlike *MacDonald*, there was no "intervening" period when Mr. Stephens was "not under arrest, not in custody, and not subject to any criminal prosecution." To the contrary, Mr. Stephens has remained in continuous federal custody since October of 2000. Whereas MacDonald had a period of relative freedom between the termination of military charges and the initiation of civilian charges, Mr. Stephens enjoyed no such freedom. The charges in Criminal Docket No. 00-183 against Mr. Stephens were dismissed on August 21, 2007, and his re-indictment in the present action occurred on August 22, 2007. Although the charges against Mr. Stephens were dismissed, his liberty was continually restricted as he remained in federal custody even after dismissal. He was not in the "same posture as though no charges had been made" as the accused in *MacDonald*. To the contrary, he remained the subject of public accusation and criminal prosecution. Therefore, his Sixth Amendment speedy trial clock continued to run without interruption from October 2000 to the present. The Fifth Circuit has held that a delay exceeding five years creates a presumption of prejudice. *Frye*, 489 F.3d at 210. Consistent with *Frye*, this court finds the seven year delay in the instant action crosses over from

8

ordinary to presumptively prejudicial delay, and a delay of this length weighs heavily against the government.

### (2) Reasons for the Delay

It is clear that neither Stephens nor the United States is solely responsible for the defendant's extensive incarceration. Mr. Stephens's filed motions to continue his trial date on September 6, 2001; November 5; 2001; and June 7, 2002; which clearly prolonged the pre-trial period in Criminal Docket No. 00-183.[15] Similarly, the three years it took for the Fifth Circuit to rule on Mr. Stephens's appeal cannot be blamed on the prosecution.[16] However, the Defendant's successful appeal should not be held against him. To the contrary, the Fifth Circuit found that Mr. Stephens's rights had been violated, and the government now seeks a second chance to prosecute the defendant following their mistaken speedy trial clock calculations in the first case.

Furthermore, the prosecution is not without fault with respect to the initial pre-trial delays. The United States opposed Mr. Stephens's motion to sever his action from that of his co-defendant and then allowed the case against Mr. Stephens to languish for fifteen months while his co-defendant's competency was evaluated.[17]

---

[15] January 10, 2008 Oral Argument Defense Exh. A-1 at 1-2.

[16] *Id.* at 3.

[17] United States v. Stephens, 489 F.3d 647, 655 (5th Cir. 2007). In finding a statutory Speedy Trial Act violation, the Fifth Circuit noted, "When Turner subsequently pleaded guilty, Stephens's trial had already been delayed for fifteen months due to

The prosecution also engaged in plea negotiations with co-defendant Turner which ultimately resulted in the issuance of a superseding indictment against Mr. Stephens.[18] The seven week delay between Mr. Turner's plea and the superseding indictment against Mr. Stephens violated Mr. Stephens's Speedy Trial Act rights, and this period weighs against the government.[19]

### (3) Defendant's Assertion of Rights

Mr. Stephens asserted his speedy trial rights before his trial in Criminal Docket No. 00-183 and after his conviction by successfully appealing the denial of his rights. Although Mr. Stephens never filed an explicit motion requesting immediate trial, the Fifth Circuit recognized that Stephens asserted his speedy trial right several times in Criminal Docket No. 00-183. *United States v. Stephens*, 489 F.3d 647, 655 (5th Cir. 2007). On January 25, 2001, Mr. Stephens filed a motion to sever which the government opposed, and on August 21, 2001, Stephens filed a writ of habeas corpus alleging that his speedy trial rights were violated.[20] Before his trial, Stephens rejected the delays caused by his co-defendant's pending competency evaluation. As the Fifth Circuit noted,

---

Turner's mental competency proceedings. . . The overall length of the delay, along with Stephens's prior invocation of his right to a speedy trial, weigh in favor of finding the delay unreasonable." *Id.*

[18] *Id.* at 655.

[19] *Id.*

[20] January 10, 2008 Oral Argument Defense Exh. A-1 at 1.

> Long before Turner's guilty plea, Stephens filed a motion to sever his case, upon which the district court never ruled. Thereafter, Stephens filed a *pro se* petition for writ of habeas corpus, in which he expressly asserted that his rights under the Speedy Trial Act were being violated. Again, the district court did not rule upon Stephens's motion.

*United States v. Stephens*, 489 F.3d at 655. Thus, Stephens made several attempts to assert his speedy trial rights throughout the fifteen month period that his co-defendant's mental competency was being evaluated. Stephens also filed a motion to dismiss the indictment against him for pre-trial delays which the district court denied.[21]

Even after his conviction, Stephens continued to assert his speedy trial right, and after almost three years, the Fifth Circuit agreed that Stephens's rights were violated. On appeal, the Fifth Circuit found that "at least four months of the fifteen-month delay were not attributable to Stephens's motion practice." *Id.* The Fifth Circuit also found it unreasonable to toll Stephens's speedy trial clock for the seven week period that his co-defendant's guilty plea was "under construction." *Id.* at 655. It was based on these facts that the Fifth Circuit found a Speedy Trial Act violation and vacated Mr. Stephens's conviction and sentence. *Id.* at 657-58. In light of the motions filed by the defendant and the Fifth Circuit's finding of a Speedy Trial Act violation, the court finds that the assertion of rights weighs in favor of Mr. Stephens.

### (4) Prejudice

In weighing the seven year delay between the initial indictment against

---

[21] *Id.* at 2.

11

Stephens and the current indictment charging the same offenses, the court remains mindful of the various reasons for the delays and Mr. Stephens's assertion of his speedy trial rights during this period. However, the court cannot ignore the presumption of prejudice created by this delay. If prejudice is presumed, the Fifth Circuit has held that the government can overcome it by showing that the presumption is extenuated or by rebutting the presumption with evidence. *Frye*, 489 F.3d at 209. When the presumption of prejudice is raised, the defendant does not need to show actual prejudice. *Id.*

When faced with the burden of rebutting the presumption of prejudice, the United States provides merely conclusory statements that Mr. Stephens has suffered no prejudice.[22] However, this argument ignores the fact that Eddie Stephens has been continuously incarcerated since October of 2000. For seven years, Mr. Stephens's liberty has been restrained. His employment has been disrupted, and his financial resources have been strained. He has surely suffered the stress and anxiety of criminal prosecution even though his conviction was vacated. His lengthy incarceration has allowed the issuance of a superseding indictment which increased the severity of charges against him, and this court cannot ignore the prolonged plea negotiations with Turner which resulted in that superseding indictment. In short, the Sixth Amendment speedy trial right was designed to "minimize the possibility of lengthy incarceration prior to trial" and to "shorten the disruption of life caused by

---

[22] Memorandum in Opposition to First Motion to Dismiss (doc. 27) at 19.

arrest and the presence of unresolved criminal charges." *MacDonald*, 456 U.S. at 8-9.  These protections have not been afforded to Eddie Stephens over the past seven years, and the United States has failed to rebut the presumption of prejudice which attaches to a delay of this length and severity.

The violation of Mr. Stephens's Sixth Amendment speedy trial rights dictates dismissal of the present indictment *with* prejudice.  Accordingly, the Defendant's First Motion to Dismiss Indictment (doc. 17) is hereby **GRANTED**.  As a result, the court does not need to rule on the Defendant's Second Motion to Dismiss (doc. 22) or any additional arguments presented in the briefs or at oral argument.

Baton Rouge, Louisiana, February 7, 2008.

———————————————
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA